**SO ORDERED.**

**SIGNED this 13 day of April, 2010.**



*Stephani W. Humrickhouse*
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| JOSE ANTONIO and LUZ CRUZ RIVERA, | 09-09167-8-SWH |
| DEBTORS | |

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND OVERRULING TRUSTEE'S OBJECTION TO FEES

The matter before the court is the motion for summary judgment, filed by counsel for the debtor, in response to the Minutes of 341 Meeting and Motion for Confirmation of Plan filed by the chapter 13 trustee. The motion for confirmation included the chapter 13 trustee's recommendation of $1,200 in attorney fees. Counsel for the debtor had requested $3,000 in attorney fees, which is the presumptive no-look fee in a chapter 13 case in this district. The trustee, John Logan, recommended the lower fee on grounds that the case is an "attorney fees only" chapter 13 case, and made identical recommendations in 49 other cases also filed by the office of Raleigh attorney John Orcutt. Mr. Orcutt then filed motions for summary judgment in 30 of those cases. The motions were consolidated for hearing before Judges Leonard and Humrickhouse in Raleigh, North Carolina,

on March 22, 2010. Because the issue of presumptive fees is of general interest to the local bankruptcy bar, other attorneys who elected to attend the hearing were invited to present their views in an amicus capacity.

The facts of this particular chapter 13 case were not reviewed at the hearing and are not germane to the court's decision, except to the extent that they are representative of the cases consolidated for hearing. What the cases have in common is that each is an "attorney fee only" chapter 13 case ("AFO case") filed by Mr. Orcutt's office. The catalyst for the summary judgment motions and consolidated hearing was the recommendation by the chapter 13 trustee, Mr. Logan, in this case and in the other AFO cases filed by Mr. Orcutt's office, that Mr. Orcutt receive less than the presumptive chapter 13 fee of $3,000, set forth as follows:

> Trustee's Recommendation: $1,200 ($1,200- $0 paid = 1,200 balance due. Attorney fee only case, i.e. Chapter 7 fees.)
> Comments: John T. Orcutt

Minutes of 341 Meeting and Motion for Confirmation of Plan, Ex. A. In response, Mr. Orcutt filed motions for summary judgment, arguing that the trustee could not recommend a fee lower than the one requested in the context of the motion to confirm plan. The trustee, he argued, should instead be required to file the plan as proposed by the debtor and, separately, file an objection. Further, Mr. Orcutt argues, the trustee must fully brief the objection as a formal response pursuant to Local Bankruptcy Rule 9014-1(f).

The court disagrees with Mr. Orcutt's procedural objection, and will deny the motions for summary judgment because they are not the appropriate means by which to address this issue. The trustee's recommendation of a different fee than what is requested by the attorney serves as an objection that triggers an attorney's obligation to come forward with justification for the requested

2

fees. That is all that has ever been necessary to bring the matter before the court in this district and the court declines to change that practice.

The applicable local rule governing the compensation of professionals in a chapter 13 case is Rule 2016-1(a)(1) which provides:

> The standard base fee in a chapter 13 case is as provided in the statement of approved compensation published annually by the clerk and included in the Administrative Guide to Practice and Procedure. Though the standard base fee will typically be approved by the court without hearing, the trustee may recommend, in appropriate cases, that a lower fee be allowed. . . .

E.D.N.C. LBR 2016-1(a)(1).

This local rule and the process it outlines is solid and has worked well. In the vast majority of cases, there will be no objection to the presumptive fee and it will stand. Where there is an objection, or as is the practice in this district, where the trustee recommends a lower fee, the parties may reach a compromise or, failing that, have the court determine the appropriate fee on a case by case basis. The court has been asked to deviate from this process by both the trustee and Mr. Orcutt. As is explained more fully below, the court chooses not to do so.

The trustee, based on what he perceives as a tidal wave of AFO cases which cannot, collectively, all be entitled to an award of the presumptive no-look fee, has consistently recommended a $1,200 fee in AFO cases filed by Mr. Orcutt. The trustee is of the view that these AFO chapter 13 cases are so far removed from standard chapter 13 cases that they cannot all warrant an award of the presumptive fee. The $1,200 fee is on the low end of what typically would be awarded in a chapter 7 case, Mr. Logan conceded, but he maintains that it still is more in keeping with the value of the services provided in a no-asset, or virtually no-asset, chapter 13 case. Mr. Orcutt, on the other hand, perceives the trustee's recommendation of fees in the amount of $1,200

in all of the AFO cases he files as a perfunctory, shotgun "no-look objection" which ignores the value of the services rendered in the individual cases. Mr. Orcutt explained during the hearing that AFO chapter 13 cases are far more work-intensive than chapter 7 cases and are, in terms of the legal work required, comparable to standard chapter 13 cases.

Ironically, each party objects to the other's use of blanket assumptions or blanket objections as to the value of the services rendered by debtor's counsel. Both the trustee and counsel have overlooked the purpose of the local rule. The rule is a mechanism to allow debtor's counsel to bypass the tedious process of applying for fees, while affording the trustee some comfort that fees are reasonable when the presumptive fee is requested. Mr. Orcutt fails to acknowledge that the presumptive fee is not a guaranteed fee, and its existence does not imply that one fee fits all chapter 13 cases, including his AFO cases. The trustee fails to acknowledge that is it equally inappropriate to file a perfunctory objection/recommendation in all AFO cases filed by Mr. Orcutt. The unique elements of each case *matter*. If an AFO chapter 13 case has much in common with more traditional chapter 13 cases, then counsel in that case may well receive the presumptive fee. If it does not, then counsel may properly be called on to justify an award of the presumptive fee.

The court agrees with Mr. Orcutt that a chapter 13 trustee should not summarily object to the $3,000 fee in a chapter 13 case solely because the case is an AFO case. Here, Mr. Logan has concluded that a hallmark of these AFO cases is that they are more akin to chapter 7 than chapter 13 cases, and also that once the petition is filed, there is very little left to do. His conclusions are insufficient as a basis on which to recommend a fee of $1,200, and the court will not sustain the current objection to requested fees. There are many permissible reasons to file AFO chapter 13

cases, and it also is apparent that, like more typical chapter 13 cases, they involve varying ranges of legal services.

While the trustee cannot rest on a blanket objection, neither can Mr. Orcutt assume that the $3,000 fee is guaranteed. It is not, and it falls to Mr. Orcutt to illustrate the scope of work necessary in the typical AFO case. There is room for greater understanding on both sides of this question, and Mr. Orcutt's longstanding experiences with these cases make him uniquely well placed to provide to the trustee a useful overview of the legal services his office typically provides in AFO cases. In fact, given the volume of AFO cases, it is very likely true that there are some identifiable norms in terms of the work required. The court hopes that the trustee and Mr. Orcutt are able to isolate them and find a productive way to use them as a basis to reach a consensus on appropriate fees. It behooves counsel and the trustee to determine a method of presenting and reviewing fees which allows consensus at least as to some portion of the fees. If they cannot, each case will prove to be extremely time consuming for them both.

The court is mindful of the fact that the trustee does not currently perceive a need for different set of assumptions for all AFO chapter 13 cases, but only those filed by Mr. Orcutt. This is because the trustee's statistical analysis of the past two years indicates that Mr. Orcutt's office filed over half of the chapter 13 cases assigned to him and, of those, approximately 40% were AFO cases. The trustee explained that he is able to work out the appropriate compensation level in other attorneys' AFO cases during the 341 meetings, but that he and Mr. Orcutt's office have been unable to come to terms. The compensation recommended in those cases filed by other attorneys may be a good starting point for the trustee and Mr. Orcutt's efforts to develop a framework that both believe represents a reasonable measure of value for AFO cases.

Implicit in the process contemplated by the local rules is the assumption that both the trustee and the attorney will endeavor to work these situations out. The court has full confidence in the ability of these capable, seasoned members of the bar to accomplish much through their good faith efforts to find common ground. In cases where they cannot reach agreement, the court will hear the matter as needed. When a hearing on fees becomes necessary, the court, as always, expects that the trustee and attorney will make every effort prior to the hearing to come to agreement on the relevant facts, such as hours worked and the nature of the work performed. That useful process leaves to the court its particular duty to determine, under applicable law, the appropriate value of the work performed.

In conclusion, we return to the starting point. Though the motion for summary judgment was not the appropriate vehicle by which to bring these issues to the attention of the court, and although a more focused initial explanation of the trustee's objection would have streamlined this process, the endeavor has been a useful one. The parties are encouraged to carry on with the process contemplated by Local Bankruptcy Rule 2016-1. For the foregoing reasons, the debtor's motion for summary judgment is DENIED, and the trustee's fee recommendation is OVERRULED, with leave to file a new recommendation after reviewing the legal services rendered by debtor's counsel in this case.

**SO ORDERED**.


**END OF DOCUMENT**